NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

FRANCIS E. FLYNN, PETITIONER, v. J. B. PIERCE
FOUNDATION, RESPONDENT.

Decided June 30, 1941.

For the petitioner, *Vincent A. Broderick.*

For the respondent, *Collins & Corbin* (by *Patrick F. McDevitt*).

In the case *sub judice* petition was filed January 30th, 1941, alleging an accident to petitioner August 2d, 1940, while in the employ of the respondent, whereby he sustained injury to the right index finger.

The respondent by way of answer admits the accident, its compensability and the payment of temporary compensation but further states the following:

"At an informal hearing the petitioner was awarded compensation for temporary disability from August 2d, 1940, until January 12th, 1941, and compensation for 25% loss of use of the right index finger. The respondent has paid temporary disability in accordance with the informal award.

"On January 20th, 1941, there was served upon the Aetna Casualty and Surety Company, the Compensation Carrier for the respondent, a warrant of seizure issuing out of the Family Court of the Domestic Relations Court of the Borough of Manhattan directed to the Commissioner of Welfare of the City of New York, authorizing him to take and seize all the right, title and interest of the petitioner, Francis E. Flynn,

in and to the award for compensation made at the informal hearing. Said warrant was served after judgment was obtained in the said Domestic Relations Court in favor of Winifred Bell and against the petitioner, Francis E. Flynn. The respondent herein admits its liability to the petitioner for the award for the permanent loss of use of the petitioner's right index finger and is willing to pay the amount thereof. The respondent requests that full faith and credit be given to the judgment of the Domestic Relations Court of the Borough of Manhattan and State of New York in accordance with provisions of the United States Constitution."

\*      \*      \*      \*      \*      \*      \*

The testimony of the petitioner showed that at the time he sustained his injury he lived in New Jersey and subsequently moved to New York. He also testified that he was separated from his wife, Winifred Bell. The claim petition filed by him shows that at the present time he is residing at No. 118 Milligan Place, South Orange, New Jersey.

There was admitted into evidence in behalf of the respondent an exemplified copy of the judgment of the Domestic Relations Court of the City of New York entitled "In the matter of an agreement for support by and between Winifred Bell and Frank Flynn." This agreement shows that the respondent admitted his legal liability for the support of his son, Robert Flynn, six years old. The agreement is dated March 26th, 1936, and signed by Winifred Bell and by the petitioner, Frank Flynn. Attached to said exemplified copy of the agreement for support is an order issuing out of the Domestic Relations Court of the City of New York dated September 20th, 1940, entitled "In the matter of the petition of Winifred Bell, petitioner, for an Order to compel support by Frank Flynn, respondent." This order recites that the petitioner herein was arraigned before the court on September 20th, 1940, and it appeared from competent proof that he was employed by the J. B. Pierce Foundation as a carpenter and was receiving compensation from the Aetna Casualty and Surety Company of 151 William street, New York City, in the amount of $19.83 weekly and that the petitioner, Frank Flynn, was examined and heard in his own behalf and the

court was satisfied of his ability to make provision for the support of his child by paying $7 per week, and it was ordered that the .Aetna Casualty and Surety Company deduct from compensation payments $7 per week, * * * and turn the same over to the Family Court at 135 East Twenty-second street, New York City. Said order was consented to by the petitioner herein and signed by Justice W. B. Dunham.

The exemplified copy of the warrant of seizure which was admitted in evidence and marked R-3 shows that proof was submitted to the Justice of the Domestic Relations Court of the City of New York that Francis E. Flynn abandoned .his minor son, Robert, in the City of New York, leaving him without adequate support and that an award issued out of the Domestic Relations Court on September 20th, 1940, for the apprehension of the said Francis E. Flynn. The said Domestic Relations Court authorized the Commissioner of Welfare of the City of New York to take and seize all of the right, title and interest Francis E. Flynn had in and to an award of. compensation in the sum of $198.30 which he was entitled to receive from the Aetna Casualty and Surety Company of New York City. It was stipulated on the record that said order of seizure was served upon the Aetna Casualty and Surety Company in New York City.

The question that now confronts me is what cognizance am I to give to the warrant of seizure issued in New York. I appreciate the provisions of the United States Constitution as to the full faith and credit clause but in my opinion this problem is not mine for solution.

The act reads as follows:

"The right of compensation granted by this chapter shall have the same preference against the assets of the employer as is now or may hereafter be allowed by law for a claim for unpaid wages for labor. Claims or payments due under this chapter shall not be assignable and shall be exempt from all claims from creditors and from levy, execution or attachment." N. J. S. A. 34:15-29.

N. J. S. A. 34:15-57 states the duties of the deputy commissioners. N. J. S. A. 34:15-58 and 66.1 outline the procedure of docketing the judgment entered in the Bureau and the collection of same.

Having made the award the *modus operandi* for its collection is as outlined above. The recognition to be given the warrant of seizure rests with the court above wherein the judgment has been filed.

Under date of April 28th, 1940, the Aetna Casualty and Surety Company was made a party respondent in this action.

It is hereby ordered  *  *  *  that judgment be entered in favor of Francis E. Flynn, the petitioner and against J. B. Pierce Foundation and Aetna Casualty and Surety Company, respondents.

*        *        *        *        *        *        *

JOHN C. WEGNER,
*Deputy Commissioner.*